**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-394-BR
(3:08-cr-93-BR-2)**

| | |
|---|---|
| **DAVID A. HAGEN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motions for an Evidentiary Hearing and Leave to Add an Additional Ground for Relief, for Reconsideration, and to Admit Documentary Evidence. (Doc. Nos. 7-9.)

In his first motion, Petitioner requests an evidentiary hearing and seeks leave to amend his § 2255 motion to assert an additional claim. Evidentiary hearings are not required in every § 2255 proceeding. See R. Governing 2255 Proceedings 8(a) ("If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). The Court has previously directed the Government to file an answer or response to Petitioner's § 2255 motion. (Doc. No. 3.) However, the Government's time for doing so has not yet expired. Until the Government files its response, the court cannot determine whether an evidentiary hearing is warranted, and therefore, Petitioner's motion in this regard is premature.

Because the Government has not yet responded to the § 2255 motion and in the interests of justice, the Court will deem the § 2255 motion amended and asserting the following additional claim:

> Should a conviction stand where the presiding judge deceived the defendant, evidently to induce him to accept continued representation of ineffective, unprepared and recalcitrant counsel rather than proceed pro se to trial, where in direct result the defendant suffered multiple violations to his constitutional rights, including the most fundamental right to present witnesses and evidence in his own defense?

(Doc. No. 7, at 7.) Petitioner need not file an amended § 2255 motion.

In his second motion, Petitioner asks the Court to reconsider its 11 July 2013 ruling denying as moot his motion for leave to proceed *in forma pauperis*. The Court denied the motion because a filing fee is not required for § 2255 motions. (Doc. No. 3.) Petitioner now states that he requested leave to proceed *in forma pauperis* in conjunction with his earlier motion for appointment of counsel. The Court denied that motion without prejudice as premature. (Doc. No. 6.) It remains too early in the proceedings for the Court to evaluate whether appointment of counsel is necessary for effective discovery which, in turn, determines whether Petitioner is entitled to appointment of counsel, assuming he is indigent. Accordingly, the motion for reconsideration will be denied.

Finally, Petitioner requests that his Trial Guide, filed in his underlying criminal case (Case No. 3:08-cr-93-BR-2, Doc. Nos. 117-1, 117-2), be admitted as documentary evidence in this § 2255 proceeding. In determining whether to hold an evidentiary hearing, the court is required to consider the record of prior proceedings, which would include here Petitioner's Trial Guide. See R. Governing 2255 Proceedings 8(a). As such, there is no need to expand the record in this § 2255 proceeding to include it. The motion to admit the Trial Guide will be denied.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion for an Evidentiary Hearing and Leave to Add an Additional Ground

for Relief (Doc. No. 7) is DENIED IN PART WITHOUT PREJUDICE and ALLOWED IN PART;

2. Petitioner's Motion for Reconsideration (Doc. No. 8) is DENIED;

3. Petitioner's Motion to Admit Documentary Evidence (Doc. No. 9) is DENIED; and

4. The Government respond to Petitioner's additional § 2255 claim, quoted above, within the time period set forth in the Court's 11 July 2013 order.

This 6 September 2013.

                        W. Earl Britt
                        Senior U.S. District Judge