UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-394-WEB
(3:08-cr-93-WEB-2)

| | |
|---|---|
| DAVID A. HAGEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's timely motion to alter or amend the court's 8 August 2014 judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 37). In its 8 August 2014 order, the court granted the Government's motion for summary judgment and denied Petitioner's motion for summary judgment on Petitioner's 28 U.S.C. § 2255 motion. (Doc. No. 35). By way of the instant motion, Petitioner takes issue with a number of the court's conclusions in that order and "requests that this Court reconsider its unlawful summary disposition . . . and the erroneous denial of discovery and an evidentiary hearing." (Doc. No. 37, at 20).

At the outset, the court must evaluate whether Petitioner's motion is a true Rule 59(e) motion or whether it is in substance a second § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[D]istrict courts must examine the Rule 60(b) motions received in collateral review cases to determine whether such motions are tantamount to successive applications.").[1] If it is a true Rule 59(e) motion, the court will proceed to consider

---

[1] Although in Winestock the Fourth Circuit analyzed the treatment of motions for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b), many courts, including the Fourth Circuit itself, albeit in unpublished opinions, evaluate Rule 59(e) motions the same way. See, e.g., United States v. Pedraza, 466 F.3d 932, (continued)

the merits of the motion. Id. If it is a second or successive § 2255 motion, the court cannot consider it; rather, the court must dismiss it for lack of jurisdiction so that Petitioner may seek authorization from the Fourth Circuit Court of Appeals to file it. See 28 U.S.C. § 2244(b), 2255(h). If it is a "mixed petition," i.e., a motion that presents § 2255 claims as well as claims which may properly be considered under Rule 59(e), the district court is required to "afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Winestock, 340 F.3d at 207.

"[T]he proper treatment of the motion depends of the nature of the claims presented." Id. at 206-07. In distinguishing between "a proper Rule 60(b) motion from a 'successive [application] in 60(b)'s clothing[,]'" the Fourth Circuit explains:

> There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. *See, e.g., Cooper* [*v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001)]. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence. *See, e.g., Dunlap* [*v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002)]; *cf. Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870 (4th Cir. 1999) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." (internal

---

1( continued)
933 (10th Cir. 2006); United States v. Mann, 141 F. App'x 175, 176 (4th Cir. 2005); United States v. Martin, 132 F. App'x 450, 451 (4th Cir. 2005); Little v. United States, Civil Action No. 2:95-cv-00978, 2014 WL 584203, at *3 (S.D. W. Va. Feb. 14, 2014), appeal dismissed, No. 14-6467, 2014 WL 3703078 (4th Cir. July 28, 2014); United States v. Washington, Cr. No. 8:05-399-HMH, 2007 WL 712209, at *2 (D.S.C. Mar. 6, 2007), appeal dismissed, 251 F. App'x 811 (4th Cir. 2007). But see Howard v. United States, 533 F.3d 472, 476 (6th Cir. 2008); Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002).

> quotation marks omitted)). By contrast, an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. *See, e.g., Dunlap*, 301 F.3d at 875–76; *cf. Dunn* [*v. Cockrell*, 302 F.3d 491, 492 & n.1 (5th Cir. 2002)] (declining to apply limits on successive applications to Rule 60(b) motion based on counsel error that prevented applicant from perfecting appeal in § 2254 proceeding).

Id. at 207 (footnote omitted) (some citations omitted).

Here, Petitioner's motion is a mixed one. He contends that the court ignored or mischaracterized some of his § 2255 claims and ignored prescribed case law. (Mot., DE # 37, at 2.) He also argues that this court is partial to the government, refused to allow Petitioner to conduct discovery, ordered summary judgment against him when the government did not refute or otherwise oppose all of the issues of material fact Petitioner presented, and should have held an evidentiary hearing to resolve the disputed facts because Petitioner's affidavit conflicts with trial counsel's affidavit. (Id. at 2-6.) These contentions pertain to purported defects in the collateral review process, and therefore, they are more appropriately considered in a Rule 59(e) motion. However, in his motion, Petitioner also continues to argue the merits of his § 2255 claims. (Id. at 6-17.) Such arguments are considered successive § 2255 claims. Because Petitioner's motion contains both Rule 59(e) claims and successive § 2255 claims, in accordance with Winestock, the court will give Petitioner the opportunity to remove the successive claims or have the court treat the entire motion as successive.

IT IS, THEREFORE, ORDERED that within 30 days, Petitioner is permitted to file an amended Rule 59(e) motion, deleting the successive § 2255 claims. If an amended motion is not

timely filed, the court will treat the presently pending motion as a successive § 2255 motion.

This 1 October 2014.

_____
W. Earl Britt
Senior U.S. District Judge